HON. LOYAL C. KELLOGG,
HON. ASAHEL PECK.        } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE.

---

### *DAVID LANDON *v.* S. W. PROCTOR.

#### *Agency.*

If A. deals with H., supposing H. to be the agent of C., and C. knows H. is acting in that capacity and permits it, then H. is the agent of C. so far as A. is concerned and C. is bound by H.'s acts, and H. would not be personally liable to A.

B. was an agent of an express company, which used as an office the defendant's book store. B. arranged with the defendant that when B. was out delivering packages about town, as his duties required, the defendant should receive packages for the company and give the company's receipts therefor, and he had done so for a long time prior and subsequently to the delivery of the package in question, with full knowledge and permission of the company. The plaintiff

---

* This case was argued at the August Term, 1865.

delivered. the package to the defendant believing him to be the agent of said company, and the defendant gave a receipt in the name of the company. *Held,* that the defendant was the agent of the company to receive the package, and his receipt was as binding on the company as B.'s would have been, therefore he was not personally liable to the plaintiff for the package which was lost.

ASSUMPSIT, in the common courts, to recover for a package of money, $50., delivered to the defendant at Rutland, Vermont, to be forwarded by Fisk & Company's express company, to J. B. Seaver of Stowe, Vermont, collection to follow the package. The defendant executed to the plaintiff a receipt for the same in the usual form, being one of the company's blank forms, and signed the same, " J. B. Baldwin, agent, by S. W. Proctor." The package never reached Stowe, or the consignee. There was no entry of the package on the books of the company. The plaintiff subsequently demanded the money of the defendant, which he refused to pay. The other facts are stated in the opinion. The case was tried by jury at the August Term, 1865, ALDIS, J., presiding. The defendant requested the court to charge that if the plaintiff supposed at the time of the delivery that the defendant was the agent of the company, and the company knew that the defendant was acting in that capacity, he was their agent so far as the plaintiff was concerned, and bound the express company by his acts, and that therefore the defendant was not personally liable, but that the company should have been sued and that the defendant could not be made liable, which the court declined to do, and the defendant excepted.

*Dillingham & Durant,* for the defendant.

The defendant was agent of the express company. He was acting in such capacity with the knowledge of the company which bound the company, and the plaintiff dealt with him as such. *Ouimit* v. *Henshaw, et al.,* 35 Vt. 604 ; *Jordan* v. *Fall River R. R. Co.,* 5 Cush. 69 ; Redfield on Railway, p. 243 ; *Butler* v. *Basing,* 2 Carr. & Pay. 287 ; 12 E. C. L. 287.

There was no contract or privity of contract between the plaintiff and defendant, hence the suit cannot be sustained. *Drury* v. *Douglas,* 35 Vt. 474. The act of the defendant, was a tort, and the plaintiff cannot change the form of the action. *Ibid.*

If the defendant, as it must be admitted, was the agent of the company, no suit could be maintained against the agent. *Cavenagh et al.* v. *Such,* 1 Price, 328 ; ( Page 119, Exchequer ;) Angell on Carriers, 483–4–5, and notes ; *Williams* v. *Craston,* 2 Stark. 73, (82) ; *Beauchamp* v. *Powley,* 1 Moody & Rob. 38.

————. for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J. The principal question arising upon the exceptions is, whether the defendant stood in such a relation to the express company in respect to the acts complained of, that the said company was bound by such acts, and not the defendant.

It appears that one Baldwin was the agent of the express company, in Rutland. That the company used for their office a part of a room which was also used by the defendant as a book store, and by one Clark as a jeweller store ; that said Baldwin arranged with the defendant that when he, said Baldwin, was obliged to be absent in delivering packages about town as his duties required, the defendant should receive packages that came to the office, and give the company's receipt therefor ; that the defendant did so, and continued so to do for a long time prior to the delivery to him by the plaintiff of the package in question.

It also appears that the express company, through their agent and general superintendent, Martin, knew of such arrangement, said Martin being often in the office and seeing the defendant receiving and delivering packages in the absence of said Baldwin, and knowing such facts, took measures to ascertain that the defendant was a person that could be trusted to do so, and made no objection thereto, but permitted the business to continue in that way up to and long after this package was delivered to the defendant.

When the plaintiff delivered to the defendant the package, he did it believing him to be the agent of the company ; the defendant received it as such, and executed a receipt therefor in the name of the company, in the usual form. In this he did only what he had long been accustomed to do ; what the company well knew he had

Landon *v.* Proctor.

long been in the habit of doing, and what they had long permitted him publicly to do in their name. They thus hold him out to the world as their agent; they thus ratified the arrangement that Baldwin had made with the defendant, and so far as the public was concerned he was as much their agent to receive packages as Baldwin was, and his receipts for such packages were just as binding on the company.

The arrangement with the defendant was not for the benefit of Baldwin; the services that he was to perform were not such as Baldwin was under obligation to perform, but they were such as he could not perform, he being engaged in the service of the company elsewhere, at the time they were to be rendered; and although Baldwin might not have had authority to make such an arrangement that the company would be bound to recognize, still, if Martin, the superintendent, when made acquainted with the fact, recognized the arrangement and allowed the defendant to act under it, and the company to receive the benefit of his services, the company would be just as much bound by his acts done in pursuance of it, as though Martin himself had made the arrangement with the defendant.

If the defendant was the agent of the company in the transaction, so that his acts were binding upon them, then it is clear that the defendant is not liable to the plaintiff, by reason of anything that appears in the case, and was entitled on this point to a charge substantially according to his request. As the court declined so to charge, we think there was error.

Judgment of the county court reversed and case remanded.